IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

MAR 3 0 2005

Michael N. Milby, Clerk

| | | |
|---|---|---|
| VERNIE W. MCDANIEL, #1044347 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-134 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE-INSTITUTIONAL DIVISION | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Application of Vernie McDaniel for the issuance of a Writ of Habeas Corpus. Petitioner challenges disciplinary case number 20050088310, in which he was punished with ten days of commissary restrictions and a reduction in time-earning class status from S-IV to L-1.  The specificity with which he has pleaded his claim makes it unnecessary, in this Court's opinion, to order the records of the challenged disciplinary proceeding from the State Attorney General.

An application for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good time credits, which could conceivably lengthen an inmate's duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972).  In this case, however, Petitioner lost no good time, only a reduction in time-earning class status and a brief loss of privileges.

A brief and temporary loss of privileges does not pose an atypical or significant hardship beyond the ordinary incidents of prison life. It merely constitutes a minimal and temporary change in conditions of confinement and does not, therefore, trigger the protections afforded by

1

the Due Process Clause.   *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997).

A claim for a reduction in time-earning class status also fails to qualify for federal habeas relief. The subsequent possible loss of "the mere opportunity to earn good time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied,* 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* (quoting *Sandin v. Conner,* 515 U.S. 472 (1995)). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison,* 104 F.3d at 767-68. **Petitioner's claims are not eligible for federal habeas relief and must be dismissed.**

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Petitioner's Application for Writ of Habeas Corpus be denied and this case be dismissed with prejudice.

The Clerk shall send a copy of this Report and Recommendation to the Petitioner by the means in place for transmission of same.  The Petitioner shall have until **April 18, 2005,** in which to have written objections **physically on file** in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the

2

District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this 30th day of March, 2005.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE